```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| ERIC TYRELL JOHNSON | : |
| v. | : Civil Action No. DKC 23-1609 |
|   | Rel. Criminal No. DKC 20-38-3 |
| UNITED STATES OF AMERICA | : |

**MEMORANDUM OPINION**

After he was convicted and sentenced for controlled substance offenses and possession of a firearm and ammunition by a prohibited person, Petitioner Eric Tyrell Johnson ("Mr. Johnson") filed a Motion for the Return of Seized Property. (ECF No. 1). He attempted to file the motion in his criminal case but the clerk opened a new civil case instead. Upon the court's direction, Petitioner also filed a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 4). The Government responded by filing a Motion to Dismiss, (ECF No. 7), and Petitioner replied, (ECF No. 15). For the following reasons, the Motion for the Return of Seized Property will be denied and the Motion for Leave to Proceed in Forma Pauperis will be denied as moot.[1]

---

[1] Because the court will deny Mr. Johnson's Motion for the Return of Seized Property, his Motion for Leave to Proceed in Forma Pauperis is moot. He never intended to file a separate civil action and the clerk will be directed to file the relevant papers in the criminal case.

The third superseding indictment sought forfeiture pursuant to 21 U.S.C. § 853(a) of "any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation" or "used or intended to be used . . . to commit, or to facilitate the commission of, such violation," and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunitions involved in the offenses. (Crim No. 20-038, ECF No. 146, at 19-21).  The property subject to forfeiture delineated in the indictment included $4,423 seized on August 12, 2019, from an address in Owings Mills, Maryland.  (Crim No. 20-038, ECF Nos. 146, at 21).  After the jury found Mr. Johnson guilty, a separate forfeiture proceeding was held and the jury returned a verdict finding "that there is a nexus between the property . . . and defendant Eric Tyrell Johnson's offense(s)" and that the currency "constitute[s], or derive[s] from, any proceeds [Mr. Johnson] obtained, directly or indirectly, as the result of the commission of" all three offenses.  (Crim No. 20-038, ECF No. 580, at 1-2).  Thereafter, in advance of sentencing, on March 2, 2023, the Government filed a motion for forfeiture pursuant to 21 U.S.C. § 853(a), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, (Crim No. 20-038, ECF No. 652), which was entered on March 27, 2023, (Crim No. 20-038, ECF No. 678).  The forfeiture order covers the following items: (1) Glock 42 .380 caliber pistol and .380 caliber

2

ammunition; and (2) approximately $4,423, both seized on or about August 12, 2019. (Crim No. 20-038, ECF No. 678, at 2). The judgment order incorporated the preliminary order of forfeiture by reference. (Crim No. 20-038, ECF No. 683, at 6). Mr. Johnson has appealed his conviction in the criminal case to the United States Court of Appeals for the Fourth Circuit and is challenging the ruling denying his motion to suppress the evidence obtained on August 12, 2019. (Crim No. 20-038, ECF No. 690; USCA4 Appeal 23-4255, Doc: 45).

On June 14, 2023, Mr. Johnson filed the present motion seeking the return of $4,423 pursuant to Federal Rule of Criminal Procedure 41(g). (ECF No. 1). He argues that the currency is "evidence that is no longer needed for any further proceedings" and "not contraband, seizable or otherwise even forfeitable." (*Id.* at 1). He also asserts that the "burden now rest[s] on the government because there is a presumption that the person from whom the property was taken has a right to its return." (*Id.*). The Government filed a motion to dismiss on August 4, 2023, contending that "there is no basis for [this court] to exercise its equitable jurisdiction under Rule 41(g)" because "[w]here, as here, the property at issue is subject to forfeiture and specifically named in the Superseding Indictment, the Petitioner's remedy at law was to contest the forfeiture in the criminal proceeding." (ECF No. 7, at 3). Mr. Johnson's motion should be denied, the Government

3

argues, because he failed to oppose the forfeiture in the criminal proceeding.  (*Id.* at 3-4).  In his response, filed on August 23, 2023, Mr. Johnson asserts that he is entitled to a return of the currency because (1) it "was not contraband and only held as evidence" and (2) "no Final Forfeiture Civil Proceeding []ever occurred in conjunction with the Criminal Sentencing Hearing articulating to the seizure of $4423.00 in U.S. Currency."  (ECF No. 15, at 1).  Mr. Johnson filed a motion for status update in his criminal case on November 20, 2023.  (Crim No. 20-038, ECF No. 752).

I. **Analysis**

Under Federal Rule of Criminal Procedure Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Fed.R.Crim.P. 41(g).  "The general rule is that seized property should be returned to the rightful owner after criminal proceedings have terminated, 'unless it is contraband or subject to forfeiture.'"  *United States v. Roca*, 676 F.App'x 194, 194 (4th Cir. 2017) (quoting *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999)).  A "[m]otion for return of seized property is an equitable remedy that is available only if movant can show irreparable harm and an inadequate remedy at law."  *Watkins v. United States*, No. 13-cv-3838-WDQ, 2014 WL 3661219, at *2 (D.Md.

4

July 21, 2014), *aff'd*, 589 F.App'x 84 (4th Cir. 2014) (quoting *United States v. Copeman,* 458 F.3d 1070, 1071 (10th Cir. 2006)).

In a criminal forfeiture action, property is subject to forfeiture pursuant to 21 U.S.C. § 853.  Federal Rule of Criminal Procedure 32.2 sets out a series of procedures required for the forfeiture of property.  First, "the indictment or information [must] contain[] notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute."  Fed.R.Crim.P. 32.2(a).  Second, the court must, "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted . . . determine what property is subject to forfeiture under the applicable statute" and "whether the government has established the requisite nexus between the property and the offense."  Fed.R.Crim.P. 32.2(b)(1)(A).  A party may request that the jury determine whether the government has established the requisite nexus. Fed.R.Crim.P. 32.2(b)(5).  Third, the court must enter a preliminary order, make it part of the defendant's sentence, and ensure that the defendant knows of the forfeiture at sentencing.  Fed.R.Crim.P. 32.2(b)(2)(A), (4)(B).  Fourth, to make the preliminary order final as to third parties, "the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding."

Fed.R.Crim.P. 32.2(b)(6)(A).  The court need only hold an ancillary proceeding if "a third party files a petition asserting an interest in the property to be forfeited[.]"  Fed.R.Crim.P. 32.2(c)(1).  If a third party files a petition, "the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights."  Fed.R.Crim.P. 32.2(c)(2).  The preliminary order becomes final as to the defendant at sentencing.  Fed.R.Crim.P. 32.2(b)(4)(A).

A "criminal forfeiture is part of a defendant's sentence," *United States v. Martin*, 662 F.3d 301, 306 (4th Cir. 2011), and must therefore "be challenged on direct appeal or not at all," *United States v. Earquhart*, 776 F.App'x 802, 803 (4th Cir. 2019) (quoting *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007)).  Mr. Johnson has an appeal pending.  Thus, at this time, the motion under Rule 41 will be denied without prejudice.

## II. Conclusion

For the foregoing reasons, Mr. Johnson's motion for the return of seized property will be denied.  A separate order will follow.

                                                  /s/
                               DEBORAH K. CHASANOW
                               United States District Judge